IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| LESLIE DAMARE, and on behalf of those similarly situated<br><br>Plaintiff,<br><br>vs.<br><br>MICHAELS MANAGEMENT AFFORDABLE, LLC.,<br><br>Defendant. | CASE NO.:<br><br><br><br>JURY TRIAL DEMANDED |

**CLASS ACTION COMPLAINT**
**(Declaratory Relief, Injunctive Relief, & Damages Sought)**

NOW COMES the Class Representative, LESLIE DAMARE, and on behalf of all others similarly situated, and for their Class Action Complaint against the LaSalle Apartments, Michael's Management Affordable, LLC, and further states the following:

**THE PARTIES**

1. At all times relevant to her involvement in this case, Leslie Damare (hereinafter "Leslie") was a United States Citizen residing in St. Joseph County, Indiana.

2. Leslie is a resident of the LaSalle Apartments and is the named class representative.

3. At all times relevant, all other class members were residents of the State of Indiana, residing in St. Joseph County, Indiana.

4. Michael's Management Affordable, LLC (hereinafter "Michael's Management, LLC" or "Michael's Management") is a limited liability company with its headquarters in Camden, New Jersey.

1

5. Michael's Management, LLC, is the management company responsible for the LaSalle Apartments. There is a previous management company that is also relevant to this class action.

6. The class is made up of residents similarly situated and have been harmed by the actions of LaSalle Apartments, and Michaels Management-Affordable, LLC.

## JURISDICTION & VENUE

7. This Court has jurisdiction of this case pursuant to 28 U.S.C. § 1332.

8. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.

## INTRODUCTION & FACTUAL BACKGROUND

9. This is a class action complaint brought by the Plaintiff on her own behalf of those similarly situated pursuant to Rule 23(a) and (b)(2) of the Federal Rules of Civil Procedure.

10. The individual Plaintiff brings this action pursuant to the Federal Rules of Civil Procedure.

11. The class is defined as follows:

    a. All residents who live at the same address of Plaintiff and the above-named Defendants who had their contractually agreed upon parking rights unlawfully stripped and taken away from them after said rights were legally promised pursuant to a legally enforceable agreement.

12. All the requirements of Rule 23(A) of the Federal Rules of Civil Procedure are met in this cause because:

    a. The class is so numerous that joinder of all members is impracticable.
    b. There are questions of law or fact common to the class.
    c. The claims and defenses of the representative party are typical of those of the class.
    d. The representative party will fairly and adequately protect the interests of the class.

13. Class Representative, Leslie Damare is a resident of the LaSalle Apartments located in South Bend, Indiana.

14. Leslie's address is 237 N. Michigan Street, Apt., 703 South Bend, Indiana, 46601.

15. The class is made up of residents who have the same address as the class representative.

16. Leslie, during all relevant times, had signed, executed, and contractually agreed upon leases with the Defendant, as well as all others similarly situated.[1]

17. The relevant leases signed and agreed upon by the class, as well as the Defendants, all include contractual obligations for a parking space for each tenant.

18. Pursuant to contract, the Leases are clear in that a parking space was to be made available to all tenants and residents in LaSalle.

19. Upon information and belief, that contractual promise was reneged upon by the Defendant.

20. The class members have all been negatively impacted by the harm caused by the Defendant as they no longer have any space to park their vehicles.

21. The Leases do not include any oral modification clauses that would allow the leases to be modified or changed.

22. The Leases also materially misrepresented to all class members that they would continually have a parking spot throughout the duration of their leases.

23. Undersigned counsel are appropriate persons to be appointed as counsel for the class pursuant to Rule 23(g) of the Federal Rules of Civil Procedure and should be so appointed.

## COUNT I – FRAUD

24. Plaintiff incorporates by reference the foregoing allegations as if set forth fully herein.

25. The elements of fraud are: (1) a material misrepresentation of past or existing fact by the defendant, which; (2) was false; (3) was made with knowledge or reckless ignorance of the falsity; (4) was relied upon by the complaining party; and (5) proximately caused the plaintiff's injury.

---

[1] *See* attached Plaintiff's Ex. A., (hereinafter and collectively referred to as "Leases") Lease 1 – signed on July 31, 2020; Lease 2 – signed on August 31, 2022; & Lease 3 – signed on August 30, 2023.

26. The class members entered into one or more contract(s) for living space at LaSalle Apartments to which those lease agreements included a parking space.

27. Pursuant to those lease agreements, LaSalle and Michael's Management made a material misrepresentation of fact based on the ability to park, this misrepresentation was false and carried out with the requisite knowledge that the misrepresentation was false.[2]

28. This misrepresentation was relied upon by the class members and proximately caused their harm and damage.

29. The class members have been irreparably harmed by the fraudulent actions of LaSalle and Michael's Management pursuant to the deceptive and fraudulent leases each class member contractually entered into.

30. LaSalle and Michael's Management have failed to meet their contractual obligations as it pertains to promising parking spaces for each member of the class pursuant to the lease agreements.

31. The actions of LaSalle and Michael's Management can only be described as fraudulent, deceptive, willful and with wanton disregard for each of the class members' rights.

WHEREFORE, the class members all respectfully request judgment against all Defendants, in an amount of money that will adequately compensate them for the harm and damages they have sustained and will continue to sustain, as well as punitive damages for the costs of this action, and for any other relief this Court deems equitable, reasonable, and just.

## COUNT II – BREACH OF CONTRACT

32. Plaintiff incorporates by reference the foregoing allegations as if set forth fully herein.

---

[2] *See* Lease #2, in ¶ 18, states explicitly that: *"There is approximately 1 parking space per apartment. Parking spaces are not assigned. Large trucks, boats, or boat trailers, recreational vehicles and trailers are NOT PERMITTED ON THE PROPERTY. You must park within the painted lines. Parking in handicapped spaces is prohibited unless you have proper identification in/on your vehicle. If any vehicle is parked in the Apartment Community contrary to these provisions, management shall have the right to have the vehicle towed away and stored at the Resident's expense."*

33. The essential elements of a breach of contract action are the existence of a contract, the defendant's breach thereof, and damages.

34. All three leases, attached as exhibits to this Class Action Complaint, represent legally binding contracts into which both parties lawfully entered into during the applicable years of 2020-2023.

35. All class members entered into one or more contract(s) for living space at the LaSalle Apartments that promised a space for parking.

36. Pursuant to those contracts, the class members were clearly and explicitly entitled to a parking space throughout the remainder of their leases.

37. LaSalle and Michael's Management have failed to reach their agreements pursuant to the contractually agreed upon lease terms.

WHEREFORE, the class members all respectfully request judgment against all Defendants, in an amount of money that will adequately compensate them for the harm and damages they have sustained and will continue to sustain, as well as punitive damages for the costs of this action, and for any other relief this Court deems equitable, reasonable, and just.

## **COUNT III – NEGLIGENCE**

38. Plaintiff incorporates by reference the foregoing allegations as if set forth fully herein.

39. The main elements of a claim for negligence are: (1) a legal duty owed; (2) a breach of that duty; (3) proximate and factual causation; and (4) damages.

40. Michael's Management and the LaSalle Apartments owed a legal duty to carry out their end of the bargain and the contractually agreed upon lease agreement with all class members to ensure there were parking spaces available.

41. The Defendants breached that duty when their contractually agreed upon lease agreement terms were broken after the City of South Bend, Indiana, removed the parking spaces at the direction and agreement of all named Defendants.

42. Upon information and belief, LaSalle Apartments and Michael's Management, LLC, claimed that the City of South Bend, Indiana, acquired the parking lot for their own profit and to the ultimate detriment of the class members.

43. LaSalle and Michael's Management's breach of their duty both factually and proximately caused the class members' harm and injuries.

WHEREFORE, the class members all respectfully request judgment against all Defendants, in an amount of money that will adequately compensate them for the harm and damages they have sustained and will continue to sustain, as well as punitive damages for the costs of this action, and for any other relief this Court deems equitable, reasonable, and just.

## **REQUEST FOR RELIEF**

WHEREFORE, Leslie Damare, the Class Representative, and on behalf of all those that are similarly situated, requests that this Court:

a. Accept jurisdiction of this case and set it for hearing.

b. Certify this case as a class action with the class as defined above.

c. Enter a preliminary injunction, later to made permanent.

d. Enter a judgment against the Defendants.

e. Award plaintiffs their costs, damages, and reasonable attorneys' fees.

f. Award all other proper relief that is equitable, reasonable, and just.

Respectfully Submitted,

/s/ Scott Granfeldt
Scott Granfeldt, #38430-45
ROBBINS AND SEVILLE, LLC
714 N. Main St.
Crown Point, IN 46307
o 219.333.2375 | m 219.333.2375
scott.granfeldt@roseattorneys.com
*An Attorney for Plaintiff and the putative class*

/s/ Scott Seville
Scott Seville, #36075-45
ROBBINS AND SEVILLE, LLC
714 N. Main St.
Crown Point, IN 46307
o 219.333.2376 | m 219.333.2375
scott.seville@roseattorneys.com
*An Attorney for Plaintiff and the putative class*

## **CERTIFICATE OF SERVICE**

I, Scott Granfeldt, an attorney, hereby certify that on the 8th day of July 2024, I electronically filed a true and accurate copy of the foregoing document with the Clerk of the Court using the CM/ECF system.

/s/ Scott Granfeldt
Scott Granfeldt, #38430-45
ROBBINS AND SEVILLE, LLC
714 N. Main St.
Crown Point, IN 46307
o 219.333.2375 | m 219.333.2375
scott.granfeldt@roseattorneys.com
*An Attorney for Plaintiff and the putative class*

/s/ Scott Seville
Scott Seville, #36075-45
ROBBINS AND SEVILLE, LLC
714 N. Main St.
Crown Point, IN 46307
o 219.333.2376 | m 219.333.2375
scott.seville@roseattorneys.com
*An Attorney for Plaintiff and the putative class*