UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| LESLIE DAMARE, *et al.*, and on behalf of those similarly situated, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 3:24-cv-554-PPS-AZ |
| MICHAELS MANAGEMENT AFFORDABLE, LLC, *et al.*, | ) ) ) ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

This a putative class action lawsuit filed by Plaintiffs who are residents of an apartment complex and claim that their parking rights were unlawfully taken away from them. Defendant Michaels Management Affordable LLC ("Michaels") has filed a Motion for More Definite Statement of Plaintiffs' Amended Complaint [DE 41]. For the reasons discussed, the Court will grant Defendant Michaels' Motion in part and order Plaintiff to file a Second Amended Complaint, as outlined below.

**Background**

The substantive allegations of Plaintiffs' Amended Complaint are straightforward. Plaintiffs allege that they each entered into a lease at an apartment complex in South Bend, Indiana. As part of the leases, each tenant had parking rights at the apartment complex. DE 36 at ¶¶ 8, 12-13. But they say the property manager took away those parking rights and they suffered harm as a result. *Id.* at ¶¶ 14-16. The claims at issue are for fraud, breach of contract, and negligence. *Id.* at ¶¶ 20-40.

When it was first filed in July 2024, this lawsuit was brought with only Leslie Damare as a plaintiff, although she sought to represent a class (of unknown size) of other residents.[1] *See* DE 1. Missing from the complaint, however, were allegations sufficient to assure the Court of its subject matter jurisdiction as to the then-sole Defendant Michaels. While Plaintiff sought to invoke jurisdiction under 28 U.S.C. § 1332, she did not list the citizenship of Defendant Michaels, a limited liability company. *See generally* DE 1. Nor did Defendant Michaels include this information in its original Rule 7.1 corporate disclosure statement. The Court ordered Defendant Michaels to file an amended corporate disclosure statement. DE 14. Defendant Michaels' amended statement stated that its sole member was a citizen of New Jersey, and the Court was satisfied that there was diversity of citizenship between the parties. DE 17. The Court held a Rule 16 preliminary scheduling conference on October 3, 2024, entered a discovery schedule in the case, and the case was ready to proceed to the next stage of litigation.

Or so it seemed. On February 27, 2025, the Court held a status conference. At that time, Plaintiff's counsel explained that he had been in contact with other residents of the apartment complex and expected to either seek leave to file an amended complaint to add additional named plaintiffs, and/or move for class

---

[1] With her complaint, Damare simultaneously filed a motion for class certification. *See* DE 2. Judge Simon denied the motion without prejudice because it was (1) based "entirely on the allegations in her complaint" not *evidence*, and (2) it is not necessary to file "placeholder" motions for class certification in order to avoid having a class action mooted by way of an offer of judgment. *See* DE 6 at 1-2 (citing *Chapman v. First Index, Inc.*, 796 F.3d 783, 787 (7th Cir. 2015)).

certification again. Because the parties both agreed that there was minimal discovery needed before moving for class certification and the parties wished the issue to be resolved promptly, the Court set a deadline of March 31, 2025, for Plaintiff to move for class certification. *See* DE 32 at 1-2.

On March 26, 2025, after Defendant indicated it consented to the amendment, *see* DE 24, Plaintiffs filed an Amended Complaint. In the Amended Complaint, Plaintiff Leslie Damare is joined by 18 other individual Plaintiffs who allege that their parking rights were unlawfully taken from them. Plaintiffs' Amended Complaint alleges that "[a]t all times relevant to her [*sic*] involvement in the case … Plaintiffs were citizens of the United States residing in St. Joseph County, Indiana." It does not, however, say specifically state the state of citizenship of each of the 19 individual Plaintiffs at the time the lawsuit was filed or when they joined as Plaintiffs.

Plaintiffs also added another defendant, "The LaSalle Apartments," the name of the apartment complex. DE 36. Plaintiffs' Amended Complaint does not state the citizenship of "The LaSalle Apartments" or what type of entity it is beyond the name of the apartment building at issue. Plaintiffs have since conceded that Defendant LaSalle Apartments was a corporate citizen of Indiana (which would have destroyed diversity jurisdiction) and "intend to dismiss this Defendant as they are dissolved." DE 46 at 3, n.2.

As to Defendant Michaels, Plaintiffs' Amended Complaint alleges it is "a

3

limited liability company with its headquarters in Camden, New Jersey." DE 36 at ¶ 3. Plaintiffs do not, however, allege the citizenship of any *member* of Defendant Michaels. This is curious since earlier in this lawsuit, when Plaintiff's original complaint failed to adequately allege subject matter jurisdiction, the Court ordered Defendant Michaels to file a revised corporate disclosure statement stating the citizenship of all members of the limited liability company, as necessary to ensure the Court has jurisdiction. DE 14 at 2 ("For diversity jurisdiction purposes, the citizenship of an LLC is the citizenship of each of its members … and, if those members have members, the citizenship of those members as well.") (quoting (*Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007)). Defendant Michaels then filed such a statement, representing to the Court (and Plaintiffs) that its sole member was a citizen of New Jersey. DE 17. Plaintiff had access to this information as it is a matter of court record, but they did not include it in their Amended Complaint.

On March 31, 2025, even after adding 18 additional plaintiff-residents to the lawsuit, Plaintiffs filed a Second Motion for Class Certification. DE 39. Rather than responding to the Second Motion for Class Certification, Defendant Michaels filed a Motion for More Definite Statement and the Court stayed briefing and consideration of the Motion for Class Certification until the pleadings-related motion was decided. DE 42, 43.

4

## Discussion

Defendant Michaels has moved for a more definite statement of Plaintiffs' allegations pursuant to Rule 12(e) of the Federal Rules of Civil Procedure. Defendant Michaels asks the Court to order Plaintiffs to revise their Amended Complaint and allege more specific facts as to "(1) whether this matter in controversy exceeds $75,000, (2) any actual damages that Plaintiffs suffered because of Defendants alleged offenses, and (3) whether all parties involved are [] citizens of different states." DE 41 at ¶ 8. Defendant Michaels has *not* moved to dismiss the complaint for failure to state a claim or lack of subject matter jurisdiction.

Rule 12(e) is designed to allow a party to respond to a pleading "which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. Pro. 12(e). But "Rule 12(e) motions are generally disfavored, and courts should grant such motions only if the complaint is so unintelligible that the defendant cannot draft a responsive pleading." *Moore v. Fid. Fin. Servs., Inc.*, 869 F. Supp. 557, 559–60 (N.D. Ill. 1994). "A motion for a more definite statement under Rule 12(e) is intended only to clear up confusion and not to replace traditional discovery." *Direct Commc'ns, Inc. v. Horizon Retail Const., Inc.,* 387 F. Supp. 2d 828, 831 (N.D. Ill. 2005). Furthermore, "Rule 12(e) cannot be used to turn federal civil procedure into a fact-pleading or code-pleading system." *Chapman v. Yellow Cab Coop.*, 875 F.3d 846, 849 (7th Cir. 2017). Here, while the Court does not think that Plaintiffs' allegations are unintelligible, there are clear deficiencies and omissions within the Amended

5

Complaint that should be corrected. And while the Court can likewise not say "with legal certainty" that the amount in controversy is insufficient to invoke the Court's jurisdiction, there are legitimate doubts. Plaintiffs must better explain their alleged damages in this case in order to state in good faith that they plausibly exceeded $75,000 at the time this lawsuit was filed.

>   A.  Amount in Controversy

Federal courts are courts of limited jurisdiction. *Hart v. FedEx Ground Package Sys. Inc.,* 457 F.3d 675, 679 (7th Cir. 2006). In a case like this in which only state law claims are brought, to adequately invoke the Court's diversity jurisdiction, the amount in controversy must exceed $75,000, exclusive of interests and costs and be between parties who are citizens of different states. 28 U.S.C. § 1332(a). Defendant Michaels correctly states that Plaintiffs' Amended Complaint does not contain an affirmative statement that the value of this case exceeds $75,000 and instead only speaks in generalities as to Plaintiffs alleged harm and damages. *See* DE 41 (quoting DE 36 at ¶¶ 11, 24, 34). Unfortunately, Plaintiffs offer nothing of substance in response in their brief as to this missing allegation.

Again, to meet the amount-in-controversy requirement, a plaintiff suing in federal court must allege in good faith that "the controversy entails a dispute over more than $75,000, exclusive of interests and costs." *Sykes v. Cook Inc.*, 72 F.4th 195, 205 (7th Cir. 2023). As the Seventh Circuit explained:

> This requirement is not onerous. The plaintiff's allegations about the amount in controversy control unless the court concludes, "to

6

> a legal certainty," that "the face of the pleadings" demonstrates "that the plaintiff cannot recover" the jurisdictional minimum or that "the proofs" show that "the plaintiff never was entitled to recover that amount."

*Id.* (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)). "The legal-certainty test sets the bar high for excluding federal subject-matter jurisdiction, and for good reason: District courts should not get bogged down at the time of removal in evaluating claims on the merits to determine if jurisdiction exists." *Carroll v. Stryker Corp.*, 658 F.3d 675, 681 (7th Cir. 2011). The amount in controversy is assessed as of the date on which a case is filed. *Parker v. Four Seasons Hotels, Ltd.*, 845 F.3d 807, 809 (7th Cir. 2017).

Here, Plaintiffs allege that at least 19 individuals signed apartment leases that included parking rights which were either taken away or not honored by Defendant Michaels. Plaintiffs do not state in their Amended Complaint how much they paid for their parking at the apartment complex or how much they have spent to secure parking elsewhere. But according to some of the 12-month leases attached to the Amended Complaint, Plaintiff Damare paid $40 a month for her parking rights. *See* DE 36-2 at 1, DE 36-3 at 1. That comes out to $480 of potential contractual damages per plaintiff per 12-month lease. For the 19 individual Plaintiffs then, the total amount in controversy appears to be a little over $9,000, or well under the $75,000 threshold amount in controversy required. 28. U.S.C. § 1332(a).

That said, Plaintiffs also bring claims for fraud and negligence in their Amended Complaint for unspecified damages. DE 36 at ¶¶ 20-27, 35-40. They also

7

seek to represent some untold other number of residents in the apartment complex through class allegations which could conceivably put the amount in controversy over the $75,000 threshold. Nevertheless, Plaintiff's allegations on the face of the pleadings raise serious doubts for the Court as to whether the amount in controversy is sufficient to sustain diversity jurisdiction. The Court would not ordinarily raise this concern on its own. But now that it has been called into question by Defendant Michaels, the Court finds that Plaintiffs have not met their burden as to jurisdiction on this issue. "The plaintiff bears the burden of establishing the Court's subject matter jurisdiction once a defendant challenges it." *Mosholu, Inc. v. Gavin*, 2018 WL 3474536, at *1 (N.D. Ill. July 19, 2018) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)). In other words, while Plaintiffs' allegations are not unintelligible, they are vague, and the Court will grant Defendant Michaels's Rule 12(e) motion as to the amount in controversy. It will give Plaintiffs a last chance to adequately invoke the Court's jurisdiction, given that their two prior complaints failed to do so.

Plaintiffs are cautioned that they must have a good-faith basis for alleging that the amount in controversy exceeds $75,000. If their Second Amended Complaint fails to do so again, the Court may recommend that this case be dismissed for lack of subject matter jurisdiction.

### B. Actual Damages

The second aspect of the Amended Complaint that Defendant Michaels seeks more information on is "actual damages." *See* DE 41 at ¶ **8** (asking the Court to order

Plaintiffs to provide "any actual damages that Plaintiffs suffered because of Defendants alleged offenses"). It is unclear if Defendant Michaels is arguing here that Plaintiffs should have to plead a specific dollar amount or if Michaels is arguing that Plaintiffs have not alleged an injury-in-fact (*i.e.*, that Plaintiffs lack standing). If the former, then what Defendant Michaels is asking for is not required. The Federal Rules do not require a plaintiff to affirmatively plead any specific dollar amount in connection with an injury (beyond exceeding any necessary amount in controversy, as discussed above). *See, e.g.*, *Keller v. Nationstar Mortg. LLC*, 2024 WL 4834034, at *3 (S.D. Ind. Nov. 20, 2024) ("Nationstar is incorrect in arguing that Keller was required to proactively disclose an amount in controversy."); *see also Atwell v. Lisle Park Dist.*, 286 F.3d 987, 993 (7th Cir. 2002) ("Ordinarily a plaintiff is not required to plead specifics."). And Defendants do not point to any authority suggesting a specific dollar amount is required.

If Defendant Michaels is seeking to challenge Plaintiffs' Amended Complaint on lack of standing grounds for failure to allege an injury, a timely Rule 12(b)(1) or Rule 12(b)(6) are the appropriate mechanisms for that, not a Rule 12(e) motion. Thus, the Court will not order Plaintiffs to provide a specific dollar amount in their Second Amended Complaint beyond the allegations necessary to satisfy subject matter jurisdiction.

    C.    <u>Diversity of Citizenship</u>

The final aspect of Defendant Michaels' motion relates to citizenship of the

9

parties. It says that the allegations of Plaintiffs' Amended Complaint "strongly suggest" that because the individual Plaintiffs were all residents of a building in Indiana, the entity that owns (or owned) the building (the LaSalle Apartments) are citizens of the same state. While that may be true, Plaintiffs have stated they intend to drop "The LaSalle Apartments" as a Defendant, conceding that by adding a second defendant (apparently a citizen of Indiana prior to being dissolved) to their Amended Complaint, they potentially pled themselves out of Court. *See* DE 46 at 3, n. 2.

Defendant Michaels furthermore argues that Plaintiffs' Amended Complaint fails to adequately allege its citizenship as a limited liability company. *See* DE 41 at 6.[2] That is correct, and Plaintiffs should not have made this mistake again in their Second Amended Complaint. The Court previously stated the inadequacy of the jurisdictional allegations in the original complaint and ordered Defendant Michaels to state the citizenship of its members as a limited liability company more than seven months ago in this lawsuit. *See* DE 14.

Finally, Plaintiffs must clarify their own respective citizenship at the time this lawsuit was filed. Defendant Michaels has not specifically asked for this relief but having reviewed the Amended Complaint in connection with the motion, it is

---

[2] Defendant Michaels' suggestion that some of its members could be "citizens of Indiana" and would defeat jurisdiction is also rather confusing. *See* DE 41 at 6. Defendant Michaels previously represented to the Court that its sole member at the time of filing was a citizen of New Jersey. If that is no longer true, Defendant Michaels has a duty to tell the Court of the change. Although if it occurred after the filing of the lawsuit, it would not alter the Court's subject matter jurisdiction. *See Grupo Dataflux v. Atlas Glob. Grp., L.P.,* 541 U.S. 567, 571 (2004).

10

necessary. *Smoot v. Mazda Motors of Am., Inc.,* 469 F.3d 675, 678 (7th Cir. 2006) ("[T]he fact that limits on subject-matter jurisdiction are not waivable or forfeitable—that federal courts are required to police their jurisdiction—imposes a duty of care that we are not at liberty to shirk."). Plaintiffs have made the decision to join this lawsuit as 19 individuals and thus they all must affirmatively plead their state citizenship to invoke the Court's jurisdiction under 28 U.S.C. § 1332. The conclusory allegation that "[t]his Court has jurisdiction of this case pursuant to 28 U.S.C. § 1332" and ambiguous statement that "[a]t all times relevant to her [*sic*] involvement in this case all listed Plaintiffs … were citizens of the United States residing in St. Joseph County, Indiana" are insufficient. *See* DE 36 at ¶¶ 1, 6.

## Conclusion

For the reasons discussed, Defendant's Motion for More Definite Statement [DE 41] is **GRANTED in part.** Plaintiffs' are **ORDERED** to file a Second Amended Complaint which (1) removes "The LaSalle Apartments" as a Defendant, (2) includes accurate statements regarding the domiciled status of the remaining parties based on the individual Plaintiffs' states of residency at the time the lawsuit was filed and Defendant Michaels Management Affordable LLC's status as a limited liability company and not a corporation, and (3) includes good faith allegations as to how the amount in controversy exceeds $75,000. Plaintiffs shall file their Second Amended Complaint on or before **June 25, 2025**.

Defendant Michaels Management Affordable LLC is **ORDERED** to respond

11

the Second Amended Complaint by **July 11, 2025**. The Court further lifts the stay as to Plaintiffs' Motion for Class Certification and **ORDERS** Defendant Michaels Management Affordable LLC to respond to the Motion for Class Certification on or before **July 25, 2025**.

SO ORDERED this 11th day of June 2025.

/s/ *Abizer Zanzi*
MAGISTRATE JUDGE ABIZER ZANZI
UNITED STATES DISTRICT COURT